UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Rickie K. Smith, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>Rockwell Automation, Inc., the Rockwell Automation Employee Benefits Plan Committee, and John/Jane Does 1–20,<br><br>    Defendants. | Civil Action No. 2:19-CV-00505<br><br><br><br><br>CLASS ACTION |

## JOINT RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN

The Court has scheduled a telephonic case management conference pursuant to Federal Rule 16 on April 8, 2020, at 1:30 pm. ECF No. 23. The following counsel will participate in the conference call:

*For Plaintiff:*
Charles Crueger, Crueger Dickinson, LLC. – 414-736-6794
Mark Boyko, Bailey & Glasser, LLP. – 314-853-9488
Mark Kindall, Izard, Kindall & Raabe, LLP. – 860-493-6294

*For Defendants:*
Scott W. Hansen, Reinhart Boerner Van Deuren, s.c. – 414-688-0645
Emily Seymour Costin, Alston & Bird LLP – 703-342-8805
David R. Godofsky, Alston & Bird LLP – 202-239-3392

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on March 16, 2020 via telephone, and report as follows:

1. **Nature of the Case.**

Plaintiff Rickie Smith brings this suit on behalf of himself and all others similarly situated against Defendant Rockwell Automation, Inc. ("Rockwell"), the Rockwell Automation Employee Benefits Plan Committee (the "Committee"), and the individual members of the Committee. Plaintiff alleges the failure to pay benefits under the Rockwell Automation Pension Plan (the "Plan ") in amounts that are actuarially equivalent to a single life annuity, as required by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Plaintiff alleges that Rockwell is not offering benefits that are actuarially equivalent to the single life annuity and, therefore, is causing retirees to lose part of their vested retirement benefits in violation of ERISA.

Rockwell and the Committee (collectively, "Defendants") deny the allegations of wrongdoing in the Complaint, including specifically the allegations that they breached any fiduciary duties owed to the Plan's participants or otherwise improperly denied benefits owed under the Plan, caused any participants to lose any part of their vested retirement benefits under the Plan and/or violated any provision of ERISA or its implementing regulations.

2. **Contemplated Motions.**

Plaintiff contemplates filing a motion for class certification. Depending upon the evidence that is developed during discovery, both parties may file motions for summary judgment. The parties propose that Plaintiff file his motion for class certification on or before February 15, 2021, and the parties propose filing any dispositive motions on or before <u>the later of</u> May 14, 2021 <u>or</u> fifteen (15) days after the Court issues its order on Plaintiff's motion for class certification.

### 3. Potential for Prompt Resolution.

The parties discussed the potential for an early resolution. Both parties are amenable to discussing settlement after sufficient discovery to permit the parties to assess their respective positions.

### 4. Discovery Plan and Schedule.

The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. Rule 26(f)(3)(A)–(F):

#### A. Initial Disclosures

The parties will exchange their Fed. R. Civ. P. Rule 26(a)(1) disclosures on or before April 1, 2020. No other changes in the timing, form, or requirement for disclosures under Rule 26(a) are contemplated by the parties.

#### B. Subjects / Timing / Phasing of Discovery

<u>Subjects of Discovery</u>: Plaintiff believes that the principal subjects of fact discovery will be: (i) information concerning the Plan's formulae for calculating alternative forms of benefits; (ii) information concerning the actuarial and demographic assumptions used for purposes of determining actuarial equivalence under the Plan and other Rockwell plans, for purposes of relative value disclosures to Plan participants, and for purposes of the Plan's and the Company's financial accounting; and (iii) transactional data on benefit calculations for class members. Expert discovery will focus on the reasonableness of the Plan's actuarial assumptions, injury and damages.

Defendants anticipate propounding fact discovery regarding the named Plaintiff Rickie Smith, his employment with Rockwell, and his participation in the Plan at issue. Defendants do

not believe fact discovery regarding other benefit plans sponsored by Rockwell are relevant or proper subjects of discovery.

<u>Timing of Discovery</u>: The parties agree that, under normal circumstances, they should be able to complete (non-expert) fact discovery within seven (7) months. However, the parties acknowledge there are likely to be challenges and delays in gathering and producing documents and conducting depositions over the next few months, due to the COVID-19 situation. Therefore, the parties have agreed to add another two months to their anticipated discovery schedule, and believe they will need approximately nine (9) months after the entry of a scheduling order by the Court to complete (non-expert) fact discovery. The parties further agree that expert discovery can be completed within three (3) months after the close of fact discovery. The parties also agree to work cooperatively regarding the discovery schedule during this COVID-19 situation and may seek additional time to complete discovery, if necessary, while recognizing the importance of keeping the litigation on track.

The parties propose the following discovery and motion schedule:

January 15, 2021: Completion of fact discovery

February 15, 2021: Motion for Class Certification

February 15, 2021: Plaintiff's expert disclosures

March 15, 2021: Defendants' expert disclosures

April 1, 2021: Plaintiff's rebuttal expert disclosures

April 15, 2021: Completion of expert discovery

May 14, 2021: Dispositive Motions

### C. Electronically-Stored Information

The parties anticipate disclosure and discovery of electronically-stored information ("ESI") and agree that they have taken steps to ensure preservation of their ESI, that they will collaborate on the development of appropriate search terms for discovery of such ESI, and that they will produce ESI in formats mutually agreeable to the parties.

### D. Claims of Privilege or of Protection as Trial-Preparation Materials

The parties agree that documents withheld from discovery based on a claim of privilege shall be identified on a privilege log. The parties further agree that communications between the undersigned counsel and their respective clients about the instant litigation need not be identified on a privilege log unless such communications are specifically requested in a Fed. R. Civ. P. Rule 34 document request.

### E. Changes Made in the Limitations on Discovery

At this time, the parties do not believe that any changes need to be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Eastern District of Wisconsin Local Rules.

### F. Subject Matter Jurisdiction

The Parties agree that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e)(1).

### G. Orders the Court Should Issue under Rules 26(c), 16(b) or 16(c)

The parties are in the process of drafting a proposed protective order pursuant to Fed. R. Civ. P. Rule 26(c)(1)(G) and will submit it to the Court for approval promptly.

Dated: April 1, 2020           Respectfully submitted,

        /s/ Mark P. Kindall
Robert A. Izard
Mark P. Kindall
Douglas P. Needham
Oren Faircloth
**IZARD, KINDALL & RAABE LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
Email: rizard@ikrlaw.com
Email: mkindall@ikrlaw.com
Email: dneedham@ikrlaw.com
Email: ofaircloth@ikrlaw.comCharles J. Crueger

Gregory Y. Porter
Mark G. Boyko
**BAILEY & GLASSER LLP**
1054 31st Street, NW, Suite 230
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
gporter@baileyglasser.com
mboyko@baileyglasser.com

Erin K. Dickinson
Ben A. Kaplan
**CRUEGER DICKINSON, LLC**
4532 N. Oakland Ave.
Whitefish Bay, WI 53211
Direct: (414) 210-3868
cjc@cruegerdickinson.com
ekd@cruegerdickinson.com
bak@cruegerdickinson.com

*Attorneys for Plaintiff*

/s/ Scott W. Hansen
Scott W. Hansen
**REINHART BOERNER VAN DEUREN s.c.**
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Mailing Address: P.O. Box 2965
Milwaukee, WI 53201-2965
Tel: (414) 298-1000
Fax: (414) 298-8097
shansen@heinhartlaw.com

David R. Godofsky
Emily Seymour Costin
**ALSTON & BIRD LLP**
950 F. Street, NW
Washington, D.C. 20004-1404
Tel: (202) 239-3300
Fax: (202) 239-3333
david.godofsky@alston.com
emily.costin@alston.com

*Attorneys for Defendants*